IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM NO. 19-00089 SOM |
| | ) | CIVIL NO. 22-00003 SOM-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PETITIONER TO |
| | ) | PROVIDE FURTHER EXPLANATION |
| vs. | ) | |
| | ) | |
| | ) | |
| STARSHA SILVA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DIRECTING PETITIONER TO PROVIDE FURTHER EXPLANATION**

  Petitioner Starsha Silva has filed a motion seeking relief under 28 U.S.C. § 2255. Before seeking a response from the Government, this court asks Silva to provide further details for the basis of her motion.

  First, this court notes that, in her motion, Silva asserts, "My plea agreement was for 120 months or less but I was sentenced to 168 months." Silva was sentenced to 108 months in custody on Count 1, which charged her with having possessed with intent to distribute five grams or more of methamphetamine, and to 60 months in custody on Count 2, which charged her with having possessed a firearm in furtherance of the drug trafficking offense. The firearm sentence was to be served consecutively to the drug sentence.

  The court has been unable to locate anything in the plea agreement suggesting that Silva was to be sentenced to "120

months or less." Instead, the plea agreement, found at ECF No. 45 in Criminal No. 19-00089, states that Silva "understands that the penalties for the offenses to which she is pleading guilty" include, with respect to possible prison time, "a term of imprisonment of not less than 5 years and up to 40 years" for Count 1, and "a term of imprisonment of not less than 5 years and up to life" for Count 2, with the term of imprisonment for Count 2 "to be served consecutively to the term of imprisonment imposed for Count 1." The minimum prison terms in the plea agreement reflected statutory requirements. The plea agreement also includes a statement that Silva "understands and agrees that notwithstanding the Sentencing Guidelines, under the relevant statutes she is facing a mandatory minimum sentence of five years for Count 1 and a *consecutive* mandatory minimum sentence of five years for Count 2. The defendant understands and agrees that, at a minimum, she is facing 10 years of imprisonment." Silva's § 2255 motion appears to be asserting that she faced a maximum rather than a minimum of 10 years of imprisonment. The court asks Silva to inform the court in writing of the source of the 10-year maximum she asserts in her motion. Silva should submit this statement no later than February 8, 2022.

Second, Silva asserts in her motion, "Attorney failed to follow-up with Appeal of my sentence and has not contacted me since." In her plea agreement, Silva waived her right to appeal

unless the court imposed a sentence greater than specified in the guideline range, in which event Silva retained "the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined."  At Silva's sentencing hearing, this court adopted the Presentence Investigation Report and announced that Silva's Total Offense Level under the advisory Sentencing Guidelines was 29, and that she was in Criminal History Category III.  As a result, her guideline range for Count 1 was 108 to 135 months, and there was a mandatory minimum prison term of five years set by statute for Count 2, to run consecutively to the sentence for Count 1.  The sentence imposed for Count 1 was 108 months, which was the low end of the guideline range.  The sentence imposed for Count 2 was the lowest allowed by law.  It is therefore unclear to this court what appeal right Silva is saying her attorney should have exercised on her behalf.  As with Silva's assertion that she was subject to a maximum sentence of 120 months, this court asks Silva for a written explanation to be submitted by February 8, 2022.

Silva's motion also states, "To date, I have not received my sentence disposition or any documentation from the courts."  The court asks Silva what specific documents she may be expecting the court to send her.  Silva's attorney may have sent Silva a copy of her judgment.  It is not clear what other

material Silva is anticipating.  If she is asking the court to send her the judgment in her case, then the court can direct the Clerk of Court to mail that to her, whether her attorney has or has not already provided that to her.  Silva is asked to clarify her statement no later than February 8, 2022.

Finally, Silva's motion ends with her request to proceed in forma pauperis.  As there is no filing fee charged in connection with a § 2255 motion, this court does not understand why in forma pauperis status is relevant at this point.  Silva may, if she chooses, include further information on her IFP request in the statement she files by February 8, 2022.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 04, 2022



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Silva*, Cr. No. 19-00089 SOM; Civ. No. 22-00003 SOM-WRP; ORDER DIRECTING PETITIONER TO PROVIDE FURTHER EXPLANATION